Zhao v. Sessions

BIA
Wright, IJ
A205 043 057

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of April, two thousand eighteen.

PRESENT:
       DENNIS JACOBS,
       PETER W. HALL,
       DEBRA ANN LIVINGSTON,
            *Circuit Judges.*
_____

RUXING ZHAO,
       *Petitioner,*

       v.                                        16-1687
                                                 NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
       *Respondent.*
_____

FOR PETITIONER:          Aminat Sabak, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; John S.
                         Hogan, Assistant Director; Lindsay
                         C. Dunn, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ruxing Zhao, a native and citizen of the People's Republic of China, seeks review of a May 6, 2016, decision of the BIA, affirming a March 26, 2015, decision of an Immigration Judge ("IJ") denying Zhao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ruxing Zhao,* No. A205 043 057 (B.I.A. May 6, 2016), *aff'g* No. A205 043 057 (Immig. Ct. N.Y. City Mar. 26, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Zhao's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's

2

"demeanor, candor, or responsiveness," "the inherent plausibility of the applicant's . . . account," and on inconsistencies in an applicant's statements and evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 164 n.2. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* at 167. Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on inconsistencies between Zhao's testimony and evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The inconsistencies are reflected in the record and provide substantial support for the adverse credibility determination as they concern whether similarly situated individuals were targeted for attending an underground church. *Cf. Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (concluding that "a material inconsistency" relating to "the very persecution from which [the applicant] sought asylum, . . . afforded substantial evidence to support the adverse credibility finding." (internal quotation marks and citation omitted)). For example, Zhao had difficulty naming individuals in China whom he knew to have been targeted for attending an underground church, despite the fact

3

that letters from his father and aunt *both* recounted their run-ins with Chinese authorities on that basis. Contrary to Zhao's argument in his brief that the IJ erred in not confronting him with this discrepancy, the IJ was not required to do so because the inconsistency was "obvious on its face" and concerned the central basis of his fear of persecution. *Ming Shi Xue v. BIA,* 439 F.3d 111, 122 n.13, 125 (2d Cir. 2006).

The agency also reasonably found implausible Zhao's testimony that Chinese authorities visited his father's home to warn his father that Zhao was "subject to [] administrative punishment" yet did not arrest his father for attending an underground church. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) ("[I]n assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible.").

The adverse credibility determination is bolstered by the agency's demeanor finding. The agency reasonably found that Zhao's difficulty remembering names of people he sought to proselytize damaged his credibility. We defer to that finding, particularly given the evidence of Zhao's difficulty naming individuals to whom he proselytized, despite having testified that he proselytized to many friends and family members. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005); *Tu Lin*

4

*v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) ("Evasiveness is, of course, one of the many outward signs a fact-finder may consider in evaluating demeanor and in making an assessment of credibility.").

Nor do we discern error in the agency's decision to give limited weight to Zhao's corroborating evidence. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). Zhao's letters from China were authored by individuals not subject to cross examination, and a church letter from the United States was inconsistent with Chen's testimony. *Id.* (upholding agency's decision to give little weight to letter from family member in China). Nor do we discern error in the agency's conclusion that Zhao's credibility was further damaged by failing to provide letters from the family and friends to whom he allegedly proselytized. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency was not compelled to accept Zhao's explanation that they were "afraid of writing" letters. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be

5

*compelled* to credit his testimony." (internal quotation marks omitted)).

Given the inconsistencies, the implausibility of Zhao's testimony, the demeanor finding, and the lack of reliable corroboration, the totality of the circumstances supports the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk